# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

    Plaintiff,

            v.

SAVON ANTHONY DAVIS,

    Defendant.

Case No. 3:17CR079

District Judge Thomas M. Rose
Magistrate Judge Michael J. Newman

## REPORT AND RECOMMENDATION[1]

This case came before the Court for plea proceedings on December 21, 2017 following referral to the undersigned pursuant to Fed. R. Crim. P. 59. Assistant United States Attorney Amy Marie Smith appeared on behalf of the Government. Vincent Paul Popp appeared and represented Defendant, whom also appeared. Defendant, through counsel, orally consented to proceed before the United States Magistrate Judge for the change of plea hearing.

The undersigned examined Defendant under oath as to his understanding of the plea agreement, which Defendant acknowledged in open court. The undersigned also examined Defendant under oath concerning the effect of entering a plea pursuant to that Agreement. Having conducted that colloquy, the Magistrate Judge concludes that Defendant understands the rights waived by entering a guilty plea, and is fully competent to enter a guilty plea.

Based on the foregoing, the Magistrate Judge concludes that Defendant's guilty plea to Count 5 of the superceding Indictment is a knowing, intelligent and voluntary plea. The Court also concludes that the Statement of Facts made part of the Plea Agreement, the truth of which

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

Defendant acknowledged in open court, provides a sufficient factual basis for a finding of guilt. It is therefore respectfully recommended that: (1) the Court accept Defendant's guilty plea as to Count Five of the superceding Indictment, and (2) Defendant be found guilty as charged in Count Five of the superceding Indictment.

Prior to the plea hearing, Judge Rose had referred Defendant for a pre-sentence investigation. At the conclusion of the plea hearing, the Magistrate Judge continued the Defendant's Own Recognizance bond.

December 27, 2017 s/**Michael J. Newman**
United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).